**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 11-06918 BKT** |
| **CHISPITO, INC.** | **Chapter 7** |
| **Debtor(s)** | **FILED & ENTERED ON 2/27/2013** |

**<u>OPINION AND ORDER</u>**

Before this court is Jose Roberto Hawayek Alemany's ("Movant") Motion for Retroactive Relief From Automatic Stay [Dkt. No. 23], Debtor's Opposition to Motion for Retroactive Relief From Automatic Stay [Dkt. No. 27] and Movant's Reply to Debtor's Opposition to Motion for Retroactive Relief From Automatic Stay [Dkt. No. 35]. For the reasons set forth below, Movant's Motion for Retroactive Relief From Automatic Stay is GRANTED.

**I. Factual Background**

The facts in this case are complex and involve legal proceedings in both the state court and the bankruptcy court. Given the importance of these proceedings to our analysis of the matter currently before the court, we will provide a detailed accounting of the timeline in this case. On or about August 2, 2006, Jose Hawayek Curet ("Curet") sold to Efrain Ramirez Diaz ("Diaz") a property located at 171 Betances Avenue, Arecibo, Puerto Rico ("Betances Property"). After several attempts to obtain money owed from the sale, in 2007 Curet filed a civil action against Diaz seeking the nullity of the sale of the Betances Property under allegations of serious deceitful conduct. Prior to the resolution of this civil case on April 10, 2007, Curet duly recorded a cautionary

notice over the Betances Property with the Property Registrar of the First Section of Arecibo ("Property Registrar"). With the state court litigation still ongoing, Diaz sold the Betances Property to Chispito Incorporated ("Debtor") on June 3, 2008.

On September 10, 2009, the Commonwealth of Puerto Rico, Court of First Instance ("Court of First Instance"), in case C AC 2007-2451, ordered the transfer of the Betances Property from Diaz back to Curet and found that it had been acquired by reasons of fraud and deceit, and therefore the transfer deed was declared null and void. As such, Curet was determined to be the legal and equitable owner of the Betances Property by the Court of First Instance. On August 10, 2010, the Puerto Rico Court of Appeals, in case KLAN 200901479, affirmed the judgment in relevant part. On September 3, 2010, after the entry of the Court of Appeals' judgment but before it became final, Diaz filed a chapter 7 bankruptcy case (No. 10-08150). Although no longer the owner of the Betances Property as a result of the sale to Debtor on June 3, 2008, Diaz requested that the Property Registrar paralyze all matters related to the Betances Property. As per Diaz's Schedule F, Curet and his counsel, Jose Luis Cabiya Morales, were designated as unsecured, non-priority creditors.

Although the details are not provided in the documents filed, at some point in the legal process Curet died and Movant was declared the sole heir of Curet's estate. On April 8, 2011, Movant filed with the court in the Diaz bankruptcy case a motion requesting an order for relief from the automatic stay for cause under 11 U.S.C. § 362(d). Movant's purpose for seeking relief from the stay was to allow the appeal time on the judgment from the Court of Appeals to run and thereby become final. Consequently, Movant could enforce the judicial lien on the Betances Property through a corresponding state court proceeding. On June 3, 2011, bankruptcy judge Sara De Jesus entered an order granting Movant relief from the automatic stay in order to allow Movant to properly record the Betances Property.

On June 20, 2011, Debtor executed five mortgages with guaranteed promissory notes to the bearer and presented them to the Property Registrar. On July 19, 2011, the Commonwealth of Puerto Rico, Court of First Instance reopened Case C AC 2007-2451 and ordered the Property Registrar to record the Betances Property in Movant's name. The corresponding writ to the Property Registrar was issued on July 28, 2011, and was presented on September 2, 2011. On August 16, 2011, Debtor filed the captioned chapter 7 bankruptcy case. In Schedule A, Debtor indicated that it is the owner of the Betances Property. On December 8, 2011, following Movant's petition, the Court of First Instance ordered the Property Registrar to cancel from its books Debtor's five entries corresponding to the five mortgages constituted by Debtor. The corresponding writ was presented to the Property Registrar on December 14, 2011. On October 11, 2012, Movant's Motion For Retroactive Relief from the Automatic Stay was filed.

## II.      Arguments Presented by the Parties

In the motion presently before the court, Movant argues he has met the burden to make a *prima facie* showing of cause for relief. Therefore, he is entitled to retroactive relief from the automatic stay. More specifically, Movant sets forth a two-fold argument:

1.      On July 19, 2011, the Commonwealth of Puerto Rico, Court of First Instance reopened Case C AC 2007-2451 and ordered the Property Registrar to record the Betances Property in Movant's name. Upon such issuance, the subject property is not subject to the automatic stay.

2.      On December 8, 2011, the Court of First Instance ordered the Property Registrar to cancel Debtor's five entries in regards to the five mortgages and issued the corresponding writ on December 14, 2011. Therefore a retroactive relief from the automatic stay is proper to validate such order.

Under the first argument, Movant points out that the reopening of Case C AC 2007-2451 was to act in correspondence with the Court of First Instance's judgment of September 9, 2010.

Therefore, even though the automatic stay arose upon Debtor's filing of bankruptcy on August 16, 2011, judicial rulings, such as the one issued by the Court of First Instance, are a ministerial act and thus should be exempted from automatic stay.

Pursuant to Section 362(d) of the Bankruptcy Code, Movant argues that retroactive relief from the automatic stay is justified because of the sequence of events unique to this instant case. Specifically, Debtor's chapter 7 schedules and statements do not reveal that Movant, Curet's estate, or Jose Luis Cabiya Morales were identified as creditors or parties in interest within the bankruptcy petition. Prior to Movant's knowledge of Debtor's bankruptcy, Movant had obtained the necessary judgments from the Court of First Instance to properly record the Betances Property in his name and to cancel Debtor's five mortgages. Summarily, because of the sequence of events, Movant argues that after weighing the equities in this instant case, he is entitled to retroactive relief from the automatic stay.

In opposition, Debtor argues that it was not a party in the Court of First Instance Case CAC 2007-2451. Debtor argues that it was not notified of the September 10, 2009 order that mandated the transfer of the Betances Property from Diaz back to Curet. Further, Debtor argues that such judgment was not presented to the Property Registrar until three days after the filing of its chapter 7 bankruptcy. Therefore, because Debtor purchased the Betances Property relying on the information in the Property Registry that it was free of any encumbrances, it is the rightful owner at the time of the bankruptcy filing. Consequently, Debtor argues that this instant motion should be denied.

In response to Debtor's Opposition, Movant argues that Debtor seemed to admit that Movant was not aware of the existence of this instant bankruptcy case until 2012. Further, Movant points out that by the June 3, 2008 sale between Diaz and Debtor, and prior to the September 10, 2009 judgment by the Court of First Instance, Movant had already presented to the Property Registry a

cautionary notice pursuant to Puerto Rico Mortgage Law § 112, 30 L.P.R.A. §2401. Therefore, as of June 3, 2008, Debtor was on notice of Movant's complaint in the Court of First Instance and that in the event a judgment was entered in Movant's favor, Debtor's title would be cancelled. Movant further argues that Debtor is not a good faith third- party because it had actual or constructive notice of the possible encumbrances accompanying the Betances Property. Movant argues that Puerto Rico civil law does not extend good faith, third-party protection to Debtor without adequate due diligence. Therefore, Movant maintains that after weighing the equities in this instant case, he is entitled to a retroactive relief from the automatic stay.

**III.     Legal Analysis and Discussion**

This Court begins its analysis with the governing provisions of the Bankruptcy Code. Under 11 U.S.C. § 362(a), the automatic stay is a fundamental pillar to debtor protections under the Bankruptcy Code. Indeed, Congress mandated the automatic stay to provide debtor a "breathing spell" from creditors and it stops all collection efforts, all harassment, and all foreclosure actions. H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 340–342 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 54–55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296–97. "It allows the debtor to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him into bankruptcy." Id. Thus the automatic stay prohibits creditors from engaging in "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). Although such stay should not be easily disturbed, section 362 (d) of the Bankruptcy Code empowers the bankruptcy court to annul the stay under extremely limiting circumstances.

Section 362 (d) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate

protection of an interest in property of such party in interest. 11 U.S.C. § 362(d). The First Circuit has held that each case is *sui generis* and therefore a remedy such as retroactive relief from automatic stay "must rest on a set of facts that is both unusual and unusually compelling." In re Soares, 107 F.3d 969, 977 (1st Cir. 1997); see In re Stockwell, 262 B.R. 275, 281 (Bankr.D.Vt. 2001). The movant for the retroactive lifting of the stay has the burden to make a *prima facie* showing of cause for relief. In re WorldCom, Inc., 325 B.R. 511, 521 (Bankr. S.D.N.Y. 2005); In re Enron/MARTA, 306 B.R. at 476 ("The initial burden rests on the movant to show cause to modify the stay.") (internal citations omitted). See also In re Sonnax Indus., Inc., 907 F.2d 1280, 1285 (2d Cir. 1990) ("If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection.")

In deciding whether to annul a stay, courts often balance the equities of the creditor's position in comparison to that of the debtor. See, e.g., In re WorldCom, Inc., 325 B.R. 511, 521–22; In re Nat'l Envtl. Waste Corp., 129 F.3d at 1055. Under this balancing approach, courts observe (1) whether the creditor had actual or constructive knowledge of the bankruptcy filing but nonetheless took action; and (2) whether the debtor engaged in unreasonable, inequitable, or "bad faith" conducts including debtor's overall good faith under the totality of circumstances test. Id.

**A. Whether the creditor had actual or constructive knowledge of the bankruptcy filing/the stay but nonetheless took action**

In this Circuit, courts generally recognize two kinds of notice: actual and constructive. In Stern v. Continental Assurance Co. (In re Ryan), 851 F.2d 502 (1st Cir.1988), the First Circuit explained in detail the different kinds of notice. When a creditor has information in regard to a fact, or information as to circumstances an investigation of which would lead him to information of such

fact, such creditor can be said to have actual notice. Alternatively, when such creditor is charged with notice by a statute or rule of law, irrespective of any information which he might have, he can be said to have constructive notice.1 Id. at 507. Summarily, actual notice involves a mental operation on the person sought to be charged, and constructive notice being independent of any mental operation on his part. Id.; In re Trask, 462 B.R. 268, 275 (B.A.P. 1st Cir. 2011); see generally, Residents Assoc. v. Montebello Dev. Corp., 138 D.P.R. 412 (1995); Gonzalez Perez v. Commonwealth, 138 D.P.R. 399 (1995).

In this case before the court, the record reveals, and the Debtor does not contend otherwise, that no actual nor constructive notice was given to the Movant concerning the bankruptcy filing prior to 2012 by either the Debtor or Diaz. Consequently, this factor weighs heavily for the Movant.

**B.      Whether the debtor engaged in unreasonable, inequitable, or "bad faith" conducts including debtor's overall good faith under the totality of circumstances test**

Under an initial assessment of this factor, the court finds Debtor's conduct to be hinging on bad faith. Movant points out that on April 10, 2007, prior to the entry of the judgment by the Court of First Instance on September 10, 2009, Movant presented to the Property Registrar a cautionary notice pursuant to Puerto Rico Mortgage Law **§** 112, 30 L.P.R.A. **§**2401. Puerto Rico Mortgage Law 30 L.P.R.A. § 2401 permits:

"A person who, in a lawsuit, claims ownership to real property or the constitution, declaration, modification or extinction of any recordable right or one who files his claim in an action that affects a title to real property, or on the validity and force, or the lack of validity or force, of the title or titles involved in the acquisition, constitution, declaration,

---

1 Constructive notice is an essential element of the land recording system: if a deed is properly recorded, all future purchasers have constructive knowledge of the deed. Stern v. Continental Assurance Co. (In re Ryan), 851 F.2d 502, 507 (1st Cir.1988).

modification or extinction of the above-cited recordable rights"

to request that cautionary notices on their respective rights be entered in the Property Registry. Therefore, as of the June 3, 2008 acquisition, Debtor was on notice of Movant's complaint in the Court of First Instance. And that in the event a judgment was entered in Movant's favor, Debtor's title would be cancelled. This court therefore finds this factor, through an initial assessment, to weigh strongly in favor of the Movant.

### C. Additional Factors

Although under an initial balancing of the above-mentioned two factors Movant has a more compelling case, this court nonetheless deems it necessary to explore further factors to ensure a complete assessment. These factors are: (1) whether there was equity in the property of estate; (2) whether the property was necessary for an effective reorganization; (3) if grounds for relief from the stay existed and a motion, if filed, would likely have been granted prior to the automatic stay violation; (4) a weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, including whether harm exists to a *bona fide* purchaser and if failure to grant retroactive relief would cause unnecessary expense to the creditor; (5) whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief; (6) debtor's number of filings; (7) whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditors; (8) whether the debtor has complied, and is otherwise complying with the Bankruptcy Code and Rules; (9) whether there is a relative ease of restoring parties to the *status quo ante*; (10) how quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or violative conduct; (11) whether stay relief will promote judicial economy or efficiencies. See In re Stockwell, 262 B.R. 275, 281 (Bankr.D.Vt.2001); In re Ebadi, 448 B.R. 308, 319 (Bankr. E.D.N.Y. 2011); Fjeldsted v. Lien (In re

Fjeldsted), 293 B.R. 12, 24 (9th Cir.BAP 2003).

All of these factors, save numbers 6 and 7 which are inapplicable in this case, when analyzed in light of the relevant facts, tip the scales in Movant's favor. Summarily, given the weight of the additional factors in the initial balancing test, the legal inquiry leads to a support of retroactive relief from the automatic stay.

**IV. Conclusion**

For the reasons set forth above this court finds in favor of the Movant.

WHEREFORE, IT IS ORDERED that the Motion for Retroactive Relief From Automatic Stay filed on October 11, 2012 [Dkt. No. 23] shall be, and it hereby is, GRANTED.

In San Juan, Puerto Rico this 27th day of February, 2013.

Brian K. Tester
U.S. Bankruptcy Judge